United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAGELLAN GROUP INVESTMENT, LLC,

Plaintiff,

v.

FIRST INDIGENOUS DEPOSITORY COMPANY, LLC,

Defendant.

_______________________________________/

No. C 05-01994 JSW

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED DISCOVERY**

Now before the Court is Plaintiff Magellan Group Investment, LLC ("Magellan") filed an *ex parte* application for a temporary restraining order against Defendant First Indigenous Depository Company, LLC ("FIDC") and for an order allowing for expedited discovery. To date, FIDC has not filed any opposition. Nevertheless, having carefully considered Magellan's application, and finding this application suitable for disposition without oral argument pursuant to Civil Local Rule 7-6, the Court Denies Magellan's application because it failed to make an adequate showing, supported by admissible evidence, of immediate irreparable harm necessitating the issuance of a TRO and further has failed to demonstrate the need to preserve the status quo pending final resolution. *See* Fed. R. Civ. P. 65(b).

"To prevail on a motion for temporary restraining order, as with a preliminary injunction, the moving party bears the burden of demonstrating either 1) a combination of probable success on the merits and the possibility of irreparable injury or 2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of

the balance of hardships in the moving party's favor." *Bespaq Corp. v. Haoshen Trading Co.*, 2004 WL 2043522, *1 (N.D.Cal. Sept. 13, 2004) (*citing Sammartano v. First Judicial District Court*, 303 F.3d 959, 965 (9th Cir.2003)). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).

Here, Magellan contends that FIDC has defaulted on a loan, which was secured by collateral pursuant to a security agreement between the parties. Magellan presents evidence regarding the merits of its action, including that it sent FIDC a notice of default on this loan on February 16, 2005, and that FIDC does not dispute that it is in default. (Declaration of Robert Fessler, ¶¶ 7-8, Ex. F.) Magellan further represents that on May 11, 2005, FIDC promised to provide Magellan with a plan to resolve the default, but never actually provided such a plan. (*Id.*, ¶¶ 8-9.) As of that date, the amount outstanding on the loan, including interest, was $525,053.10, with interest continuing to accrue daily. (*Id.*, ¶ 10.)

Magellan argues it would suffer irreparable injury *if* FIDC sells, transfers, or otherwise disposes of the collateral, yet does not provide *any* evidence that there is an imminent threat that FIDC is going to dispose of the collateral. Nor does Magellan make any showing that it could not be compensated with monetary damages even if FIDC does dispose of the collateral. Finally, Magellan does not provide any explanation as to why it suddenly needs immediate relief now, when it knew as of mid-February that FIDC had defaulted. Accordingly, the Court DENIES Magellan's request for a temporary restraining order. This order is without prejudice to Magellan filing a noticed motion for preliminary injunction.

Magellan also seeks to conduct an expedited deposition of FIDC's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) to determine the extent, condition and location of the collateral covered by the security agreement. Magellan relies on *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) as support for its request to conduct such expedited discovery. The Court in *Semitool* held that expedited

United States District Court
For the Northern District of California

discovery may be allowed upon a showing of good cause, and that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* The key issue for the court was not whether the requested discovery was relevant, but instead, whether there was "good cause to provide immediate access to the requested discovery rather than postponing its ultimate production during the normal course of discovery." *Id.* Magellan has not made any showing as to why it cannot wait to conduct the requested deposition through the normal course of discovery. Accordingly, the Court DENIES Magellan's request to conduct expedited discovery without prejudice to Magellan resubmitting its request upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: July 8, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE